IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 06-11 |
| ) | See Civil No. 16-1331 |
| GERALD D. HARRIS, ) | |
| ) | |
| Defendant/petitioner. ) | |

O R D E R

AND NOW, this 19th day of January, 2018, upon consideration of Defendant/Petitioner ("Petitioner") Gerald D. Harris' Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 88), filed in the above captioned matter effective June 22, 2016, and upon further consideration of his supplements to the motion (Doc. Nos. 91 and 92) and the Government's response thereto (Doc. No. 97),

IT IS HEREBY ORDERED that said motion is DENIED. IT IS FURTHER ORDERED that no certificate of appealability shall be issued because, for the reasons set forth herein, Petitioner has not made a substantial showing of the denial of a constitutional right.

Petitioner seeks to challenge his designation as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to 28 U.S.C. § 2255. He bases his argument on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2016), holding that the so-called "residual clause" set forth in the ACCA's definition of what constitutes a violent felony is unconstitutionally vague and that therefore enhancing a sentence under this clause violates due process. However, as the Government points out in its response to Petitioner's motion, the issue raised by Petitioner is actually irrelevant to his designation as an armed career criminal.

1

Petitioner was convicted of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1). Ordinarily, a conviction for possessing a firearm after being convicted of a felony carries a statutory maximum sentence of 10 years' imprisonment. However, if a defendant has three previous convictions for a "serious drug offense" or a "violent felony" or both, committed on occasions different from one another, the defendant instead faces a statutory mandatory minimum sentence of 15 years' imprisonment under Section 924(e), the ACCA.[1] The Court found Petitioner to be subject to the enhanced penalty provisions of the ACCA based on numerous prior convictions for both serious drug offenses and violent felonies committed on different occasions set forth in Petitioner's Presentence Investigation Report ("PIR"). Specifically, the PIR identified three separate aggravated assault convictions as violent felonies, and four separate convictions for delivery or possession with intent to deliver controlled substances as serious drug offenses. Accordingly, the

---

[1] "Serious drug offense" and "violent felony" are terms defined in Section 924(e)(2). A serious drug offense is defined in subsection (e)(2)(A) as:
    (i)    an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
    (ii)    an offense under State law, including manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

A violent felony is defined in subsection (e)(2)(B) as "any crime punishable by imprisonment for a term exceeding one year" which either:
    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
    (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Court applied the ACCA's minimum sentence of 15 years and sentenced Petitioner to a term of imprisonment of 210 months, to be followed by five years' supervised release.

As noted above, Petitioner alleges that the three prior violent felonies cannot be used to designate him as an armed career criminal after the Supreme Court's holding in Johnson rendered unconstitutional the residual clause of the part of the ACCA defining a violent felony.[2] The problem for Petitioner is that, under Section 924(e), any combination of three violent felonies and/or serious drug offenses renders one an armed career criminal subject to the enhanced sentencing provisions. Even assuming that Petitioner is correct that his prior aggravated assault convictions no longer qualify as violent felonies under the ACCA,[3] he would still be left with four serious drug offenses committed on occasions different from one another.

Petitioner appears to address this issue by contending that only two of these four prior serious drug offenses were contained in the indictment, and therefore that only those two could be used in finding him to be an armed career criminal. However, predicate felony convictions do not need to be set forth in an indictment for the sentencing court to consider them in deciding whether to enhance a defendant's sentence pursuant to Section 924(e). See Almendarez-Torres v. United States, 523 U.S. 224 (1998); United States v. Henderson, 841 F.3d 623, 626 n.3 (3d Cir. 2016). Therefore, it

---

[2] Petitioner alleges that at least two of these convictions were actually for simple assault rather than aggravated assault. Because, as discussed herein, Petitioner remains subject to the sentencing provisions of the ACCA even without considering the three assault convictions, the Court need not address this discrepancy.

[3] Although the Court does not reach the issue, it does note that courts in this district remain divided as to whether aggravated assault under 18 Pa. C.S. § 2702(a)(1) constitutes a violent felony under the elements clause of the ACCA. See El Amin v. United States, No. 1:05-cr-67, 2017 WL 4233090, at *5 (M.D. Pa. Sept. 25, 2017) (collecting cases).

does not matter whether Petitioner's drug trafficking offenses were expressly listed in the indictment. As mentioned, four qualifying convictions are listed in the PIR and provide a sufficient basis for applying the ACCA.[4]

Accordingly, the issues raised by Petitioner do not affect whether he was properly sentenced under the ACCA. The present motion is therefore denied.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

cc:     Gerald D. Harris, Reg. No. 08794-068
        FCI Hazelton
        P.O. Box 5000
        Bruceton Mills, WV 26525

---

[4] Petitioner does contend briefly that the identity of the controlled substances involved in his prior convictions was only a sentencing factor and not an element of the offense, thereby precluding those convictions from being considered to be serious drug offenses. However, he implicitly acknowledges that his argument is undercut by the Third Circuit's decision in United States v. Abbott, 748 F.3d 154 (3d Cir. 2014), as he requested that any ruling on this issue wait until a petition for re-hearing in that case was adjudicated. However, Abbott has not been vacated or overturned and remains good law. See United States v. Pacheco-Morales, 703 Fed. Appx. 116, 120 (3d Cir. 2017). Accordingly, as Petitioner himself seems to understand, there is no merit to his contentions regarding the identity of the controlled substances involved in his previous convictions in relation to the application of the ACCA.